UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim No. **23-cr-10186-ADB** |
| | ) | |
| TREVON BELL | ) | |

**BELL STATUS REPORT**

The parties appeared before the Court via Zoom on August 13, 2025, for status conference. After hearing from counsel, the Court ordered each defendant to file a status report by September, 2025, detailing, *inter alia*, the status of discovery. Pursuant to the Court's order, Defendant Trevon Bell submits the following report.

.On or about August 2023, while held as a pretrial detainee in the matter of *U.S. v. Trevon Bell*, Docket No. 1:22-cr-10016-FDS and prior to the instant indictment, Mr. Bell was transferred from Wyatt Detention Center to Hartford Correctional Center, located in Hartford, Connecticut at the direction of the United States Marshals. Hartford Correctional Center is a level 4, high-security urban jail that holds primarily pretrial offenders for a number of Superior Courts in Connecticut. Although Hartford Correctional Center provides their pretrial detainees access to tablets in order to communicate with family and friends, Hartford Correctional Center does not have a law library and does not afford computer access to their pretrial detainees for discovery review. Upon information and belief, Hartford Correctional Center also does

not permit pretrial detainees to maintain excessive paper discovery in their cells.

After securing permission to bring my laptop into the facility, I visited Mr. Bell in Hartford on two or three occasions and provided Mr. Bell with some paper discovery but it was untenable for me to review jail call evidence with Mr. Bell in any meaningful way. After much time and effort, I was able to persuade the United States Marshals to return Mr. Bell to Wyatt Detention Center, and he arrived at Wyatt Detention Center on or about March 2025. I worked diligently with Michael Andrews who secured an individualized laptop for Mr. Bell, among others, so that he could catch up with his discovery review without having to compete with the limited computer time granted to other pretrial detainees.

On or about August 27, 2025, I was informed by the Government that the laptop for Mr. Bell and a few other co-defendants were available, but that Wyatt Detention Center would not accept the laptops without a court order. I drafted a general motion for the court's consideration but emailed the contact person at Wyatt Detention Center that was provided by the Government to me to ensure that the the request was consistent with the rules and regulations pertinent to laptop restriction and I am awaiting a response.

In the meantime, I've met with my client through Zoom several times and reviewed the general scope of the discovery. While my client has expressed an interest in potentially engaging in a Rule 11 hearing, he would like to access the discovery before making a final decision.

Under the circumstances, if Mr. Bell is able to get meaningful access to his laptop within the next week or two, he should be able to review his discovery and make a decision about whether he will pursue a guilty plea or a trial within sixty days.

Respectfully Submitted,
Trevon Bell
By his counsel,

Date: 09/18/2025

/s/ Vivianne Jeruchim

Vivianne Jeruchim, Esq.
BBO #547598
Jeruchim & Associates, P.C.
6 Beacon St., Suite 825
Boston, MA 02108
617 312-2255
aviva@jeruchimlaw.com

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on 09/18/2025.

Date: 09/18/2025

/s/ Vivianne Jeruchim
Vivianne Jeruchim, Esq.