UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Crim No. **1:23-cr-10186-ADB** |
| | ) |
| TREVON BELL | ) |

### MOTION TO PERMIT ACCESS TO LAPTOP (ASSENTED TO)

Now comes the defendant in the above-entitled matter and moves to order Wyatt Detention Center to accept a laptop for the defendant's use. The Government, having been apprised of this request, assents thereto.

As reasons therefor, on or about August 2023, while held as a pretrial detainee in the matter of *U.S. v. Trevon Bell*, Docket No. 1:22-cr-10016-FDS and prior to the instant indictment, Mr. Bell was transferred from Wyatt Detention Center to Hartford Correctional Center, located in Hartford, Connecticut at the direction of the United States Marshals. Although Hartford Correctional Center provides their pretrial detainees access to tablets in order to communicate with family and friends, Hartford Correctional Center does not have a law library and does not afford computer access to their pretrial detainees for discovery review. Hartford Correctional Center also does not permit pretrial detainees to maintain excessive paper discovery in their cells.

During the period of his pretrial detention at Hartford Correctional Center, Mr. Bell was unable to review his discovery unless in the presence of his counsel because of these limitations. On or about March 25, 2025, United States Marshals returned Mr. Bell to Wyatt Detention Center. Attorney Michael

Andrews secured laptops for Mr. Bell and his co-defendant, Amani Perkins, and the Government downloaded discovery on the laptops that complied with the Protective Order in the case.

Wyatt Detention Center, through a representative, informed defense counsel that laptops are no longer permitted in the facility unless they are court-ordered. If the court does authorize a laptop, it must have all discovery materials preloaded and be fully "dummified" (e.g., all ports and outlets disabled). The defendant was also informed that laptops are not allowed in the housing units. Therefore, Mr. Bell will not receive additional viewing time and will be placed on the regular schedule like everyone else. The defendant is providing the court with this updated information consistent with the court's order to each defendant to file a status report by September, 2025, detailing, *inter alia*, the status of discovery.

Both Mr. Bell and Mr. Perkins need to review their discovery before considering any potential dispositions in their respective cases.

The Government has been informed of this request and assents thereto.

WHEREFORE, for the above reasons, defendant respectfully requests that his motion to order Wyatt Detention Center to accept and share Mr. Bell and Mr. Perkins[1] laptop with them be granted, and for other and further reasons as to this court deem just and proper.

                                                 Respectfully Submitted,
                                                 Trevon Bell
                                                 By his counsel,

---

[1] Attorney Paul Garrity, who represents Mr. Perkins has asked the Court to extend the order of the court to encompass Mr. Perkins.

2

Date: 10/09/2025                    /s/ Vivianne Jeruchim
                                    Vivianne Jeruchim, Esq.
                                    BBO #547598
                                    Jeruchim Law, P.C.
                                    6 Beacon St., Suite 825
                                    Boston, MA 02108
                                    617 312-2255
                                    aviva@jeruchimlaw.com

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on 10/09/2025.

Date:10/09/2025                     /s/ Vivianne Jeruchim
                                    Vivianne Jeruchim, Esq.

3