UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 23-cr-10186-ADB |
| | ) | |
| TREVON BELL, a/k/a "Moula", | ) | |
| Defendant. | ) | |

**ORDER OF FORFEITURE (MONEY JUDGMENT)**

**BURROUGHS, D.J.**

WHEREAS, on February 7, 2024, a federal grand jury sitting in the District of Massachusetts returned a five-count Indictment, charging defendant Trevon Bell a/k/a "Moula" (the "Defendant"), with Conspiracy to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity, in violation of 18 U.S.C. § 1962(d) (Count Five);

WHEREAS, the Indictment also included a forfeiture allegation, pursuant to 18 U.S.C. § 1963(a), which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of the offense alleged in Count Five of the Indictment, of of (a) any interest acquired or maintained in violation of 18 U.S.C. § 1962; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established, operated, controlled, conducted, or participated in the conduct of, in violation of 18 U.S.C. § 1962; and (c) any property constituting, or derived from, any proceeds obtained, directly and indirectly, from racketeering activity in violation of 18 U.S.C. § 1962;

WHEREAS, Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in

value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to Title 18, United States Code, Section 1963(m);

WHEREAS, on June 3, 2026, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Count Five of the Indictment;

WHEREAS, as set forth in the Preliminary Presentence Investigation Report (the "PSR"), the Defendant submitted his own fraudulent Massachusetts Department of Unemployment Assistance Pandemic Unemployment Assistance claim on April 28, 2020. In total, the Defendant received approximately $41,058 in connection with his Pandemic Unemployment Assistance claim. The Defendant did not object to the amount in the PSR;

WHEREAS, based on the Defendant's his guilty plea on June 3, 2026 and the facts set forth in the PSR, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $41,058 in United States currency, pursuant to 18 U.S.C. § 1963(a);

WHEREAS, the amount of $41,058 constitutes proceeds that the Defendant obtained as a result of violations of 18 U.S.C. § 1962(d); and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant shall forfeit to the United States the sum of $41,058, pursuant to

18 U.S.C. § 1963(a).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

**ALLISON D. BURROUGHS**
United States District Judge

Dated: 9/9/26